UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CRISTOBAL MARTINEZ GONZALEZ,

                    Plaintiff,

v.

SGT. HARTNETT, sued in individual and                    5:21-CV-1379
official capacity with the Syracuse Police               (MAD/ML)
Department; SENIOR INVESTIGATOR
FIGUEIREDO, Syracuse Police Department;
DETECTIVE KELLY BAART, sued in
individual and official capacity with the
Syracuse Police Department; DETECTIVE
 SCOTT FURA, sued in individual and
official capacity with the Syracuse Police
Department; and MICHAEL FERRANTE,
sued in individual and official capacity as
ADA Onondaga County,

                    Defendants.

---

APPEARANCES:                                             OF COUNSEL:

CRISTOBAL MARTINEZ GONZALEZ
  Plaintiff, *Pro Se*
3337 B Street
Niagara Falls, New York 14303


MIROSLAV LOVRIC, United States Magistrate Judge


## ORDER and REPORT-RECOMMENDATION

        The Clerk has sent this *pro se* complaint together with an amended application to proceed

*in forma pauperis* filed by Cristobal Martinez Gonzalez ("Plaintiff") to the Court for review.

(Dkt. Nos. 1, 7.)  For the reasons discussed below, I grant Plaintiff's amended *in forma pauperis*

application (Dkt. No. 7) and recommend that Plaintiff's Complaint (Dkt. No. 1) be (1) accepted

in part for filing, and (2) dismissed (a) in part with leave to amend, and (b) in part without leave to amend.

## I.    BACKGROUND

On December 27, 2021, Plaintiff commenced this action by the filing of a Complaint alleging that his civil rights were violated pursuant to 42 U.S.C. § 1983, against defendants Sgt. Hartnett, Senior Investigator Figueiredo, Detective Kelly Baart, Detective Scott Fura, and Michael Ferrante (collectively "Defendants").[1]  (Dkt. No. 1.)

Plaintiff alleges that on February 11, 2016, Defendants Figuereido and Hartnett entered his residence without a search warrant or probable cause and conducted an illegal search and seizure.  (*Id*. at 5.)  Plaintiff alleges that evidence seized during this illegal search was used and relied upon to secure his conviction, which resulted in him being sentenced to two-and-one-half-years in prison and one-and-one-half-years of post-release supervision.  (*Id*.)

Plaintiff alleges that after the completion of his sentence, the New York State appellate court overturned his conviction and remanded his case to the Onondaga County Supreme Court.  (*Id*.)  Plaintiff alleges that the charges against him were dismissed on September 15, 2021.  (*Id*. at 4.)

Plaintiff alleges that Defendant Baart committed perjury, which was exposed during the second trial.  (*Id*. at 5.)  More specifically, Plaintiff alleges that Defendant Baart testified that she conducted an identification process before arrest, when, in fact, the identification process took place at the grand jury, after Plaintiff was already in custody.  (*Id*.)  Plaintiff alleges that

---

[1]     On December 29, 2021, the undersigned denied Plaintiff's IFP application as incomplete. (Dkt. No. 6.)  On January 7, 2022, Plaintiff filed an amended IFP application.  (Dkt. No. 7.)

Defendant Ferrante was aware of Defendant Baart's perjury, but "caused an indictment to be secured" nevertheless. (*Id*.)

Plaintiff alleges that Defendant Fura testified before the grand jury that he seized narcotics located in various cargo pockets of the pants that Plaintiff was wearing at the time of his arrest. (*Id*.) Plaintiff alleges that a video his booking clearly demonstrated that he was wearing jeans and not cargo pants. (*Id*.) Plaintiff alleges that Defendant Ferrante "[c]ompounded a crime" by "resting his case on perjury." (*Id*.)

Based on these factual allegations, the Complaint appears to assert the following four causes of action: (1) a claim of unlawful search and seizure against Defendants Hartnett and Figueiredo pursuant to the Fourth Amendment and 42 U.S.C. § 1983, (2) a claim that Plaintiff's due process rights were violated by Defendants Baart and Fura pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, (3) a claim that Plaintiff's right to equal protection was violated by Defendants Baart and Fura pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, and (4) a claim that Defendant Ferrante violated Plaintiff's right to a fair trial pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983. (*Id*. at 6-7.)

As relief, the Complaint seeks $1,500,000.00 in damages from each Defendant. (*Id*. at 7.)

## II.    PLAINTIFF'S AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[2] After reviewing Plaintiff's

amended *in forma pauperis* application (Dkt. No. 7), the Court finds that Plaintiff meets this

standard. Therefore, Plaintiff's amended application to proceed *in forma pauperis* is granted.[3]

## III.    LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants and must use

extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party

or parties have been served and have had an opportunity to respond, the court still has a

responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.

28 U.S.C. § 1915(e); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); *Anderson v.

Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983); *see, e.g., Fitzgerald v. First East Seventh St. Tenants

Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a

frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).

"Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory

[such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly

exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999

WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*,

---

[2]     The language of that section is ambiguous because it suggests an intent to limit
availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1)
(authorizing the commencement of an action without prepayment of fees "by a person who
submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts
have construed that section, however, as making *in forma pauperis* status available to any litigant
who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed.
Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]     Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been
granted, he is still required to pay fees that he may incur in this action, including copying and/or
witness fees.

141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

IV.    **ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe his

pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that his due

process claim against Defendants Baart and Fura in their individual capacities be accepted for

filing and that all other causes of action be dismissed.

A.    **Claim Against Defendants Hartnett and Figueiredo**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const.

amend. IV. "By virtue of its incorporation through the Fourteenth Amendment's Due Process

Clause, the Fourth Amendment is binding on states and, relevant here, municipalities such as"

the City of Syracuse. *Tsinberg v. City of New York,* 20-CV-0749, 2021 WL 1146942, at *10

(S.D.N.Y. Mar. 25, 2021) (citing *City of Ontario v. Quon*, 560 U.S. 746, 750 (2010)). It "applies

in the civil context as well" as the criminal. *Sodal v. Cook Cnty.*, 506 U.S. 56, 57 (1992)

(collecting cases).

The statute of limitations for a § 1983 action accruing in New York is three years. *Shomo*

*v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). The statute of limitations begins to run

on the date that the plaintiff's claims accrue. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

Federal law governs the accrual date. *Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992).

Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason

to know the injury which is the basis of his action." *Covington v. New York*, 171 F.3d 117, 121

(2d Cir. 1999) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)); *see*

*Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam) (citing *Pearl v.*

*City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)) (a claim for equal protection accrues "when the plaintiff knew or should have known of the disparate treatment."). That is so even if "the full extent of the injury is not then known or predictable." *Fahs Const. Group, Inc.*, 725 F.3d at 292.

Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint); *Syfert v. City of Rome*, 17-CV-0578, 2018 WL 3121611, at *3-5 (N.D.N.Y. Feb. 12, 2018) (Dancks, M.J.) (dismissing all claims barred by the statute of limitations on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)), *report and recommendation adopted by*, 2018 WL 2316681 (N.D.N.Y. May 22, 2018) (Suddaby, C.J.); *Syfert v. City of Rome*, 17-CV-0578, 2017 WL 3405521, at *8-10 (N.D.N.Y. Aug. 7, 2017) (Dancks, M.J.) (same), *report and recommendation adopted by*, 2017 WL 5195230 (N.D.N.Y. Nov. 9, 2017) (Suddaby, C.J.); *Syfert v. City of Rome*, 15-CV-1149, 2015 WL 6819168, at *7-8 (N.D.N.Y. 2015) (Kahn, J.) (same).

In *Wallace v. Kato*, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

In *Smith v. City of Rochester*, the plaintiff was arrested after the defendant searched him and seized a bag of crack cocaine. *Smith v. City of Rochester*, 16-CV-6097, 2017 WL 85428, at *3 (W.D.N.Y. Jan. 10, 2017). The plaintiff pleaded guilty to the charges and was sentenced to a term of imprisonment after an unsuccessful attempt to suppress the evidence from the search.

*Smith*, 2017 WL 85428, at *3.  On appeal, the New York State Appellate Division reversed the

plaintiff's conviction and found that the search violated his Fourth Amendment rights.  *Id*.  The

plaintiff was then released from prison and brought a civil suit, which was commenced

approximately nine years after the search.  *Id*.  There, the court held that pursuant to *Wallace*, the

unlawful search claim accrued on the date that the plaintiff was searched, and the property was

seized from him.  *Id*. at *4 (citing *Mallard v. Potenza*, 376 F. App'x 132 (2d Cir. 2010)).

      Here, Plaintiff's claim of unlawful search and seizure against Defendants Hartnett and

Figueiredo pursuant to the Fourth Amendment and 42 U.S.C. § 1983, began to accrue on

February 11, 2016, when the search occurred, and the property was seized.  As a result, Plaintiff

was required to file suit within three years of this incident, by February 11, 2019.  *See Shutsha v.

Cao*, 21-CV-2461, 2021 WL 1910659, at *2 (S.D.N.Y. May 10, 2021) (holding that the

"[p]laintiff's unlawful search claim accrued in 2014, when he was arrested and his bag was

searched, rather than after he was convicted and his conviction was set aside, [thus p]laintiff's §

1983 claim was time-barred when he filed the original complaint in this action in December

2020."); *Nussbaumer v. Nesbitt*, 11-CV-6331, 2011 WL 4828844, at *1 (W.D.N.Y. Oct. 7, 2011)

(citing *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008)) ("Following *Wallace*,

several Courts have applied that same analysis for Fourth Amendment claims based on events

occurring 'between an unlawful arrest and the institution of legal process.'"); *see also

Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("Fourth Amendment claims for false

arrest or unlawful searches accrue at the time of (or termination of) the violation."); *Johnson v.

Dossey*, 515 F.3d 778, 781-82 (7th Cir. 2008) (distinguishing between claims that accrue when a

litigant first appears before a magistrate, controlled by *Wallace*, and claims that arise during the

legal process (controlled by *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Mallard v. Potenza*, 94-

CV-0223, 2007 WL 4198246, at *3 (E.D.N.Y. Nov. 21, 2007) (seeing no reason to distinguish between false arrest and search and seizure claims; "*Wallace* applies with equal force to a claim for an illegal search and seizure.").

The statute of limitations may be tolled in a § 1983 action under "extraordinary circumstances." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). The party who seeks equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, "[b]ecause statutes of limitations protect important social interests in certainty, accuracy, and repose, equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *Castillo*, 656 F.3d at 144 (internal alterations, quotation marks, and citations omitted).

The Complaint does not allege facts plausibly suggesting that Plaintiff was "pursuing his rights diligently" in relation to his § 1983 action while incarcerated, and imprisonment is not an "extraordinary circumstance." *Smith*, 2017 WL 85428, at *4 (citing *Taylor v. Fresh Direct*, 12-CV-2084, 2021 WL 6053712, at *5 (S.D.N.Y Dec. 5, 2012)).

As a result, I recommend that Plaintiff's claim of unlawful search and seizure against Defendants Hartnett and Figueiredo pursuant to the Fourth Amendment and 42 U.S.C. § 1983, be dismissed as time barred because Plaintiff did not commence this action until December 27, 2021, more than two years after the expiration of the statute of limitations.

B.     **Claims Against Defendants Baart and Fura**

1.     **Individual Capacities**

a.     **Due Process**

"When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123, 130 (2d Cir. 1997) (citing cases). A § 1983 claim for the violation of the due process right to a fair trial is, "in essence, 'a claim for damages attributable to an unconstitutional conviction.'" *Jovanovic v. City of New York,* 04-CV-8437, 2006 WL 2411541, at *12 (S.D.N.Y. Aug.17, 2006) (citing *Heck,* 512 U.S. at 489-90).

To prevail, a plaintiff must establish that the "[1] investigating official [2] fabricate[d] evidence [3] that [was] likely to influence a jury's decision, [4] forward[ed] that information to prosecutors, and [5] the plaintiff suffer[ed] a deprivation of liberty as a result." *Jovanovic v. City of N.Y.*, 486 F. App'x 149, 152 (2d Cir. 2012).

"[I]n order to recover damages for allegedly unconstitutional conviction . . . or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87.

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to

dismiss or for summary judgment, I recommend that a response be required to Plaintiff's due

process claim against Defendants Baart and Fura in their individual capacities.

### b.  Equal Protection

Under the Equal Protection Clause, a state and its instrumentalities may not deny "any

person within its jurisdiction the equal protection of the laws."  U.S. Const. Amend. XIV.  At its

core, equal protection prohibits the government from treating similarly situated persons

differently.  *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Sound*

*Aircraft Services, Inc. v. Town of East Hampton*, 192 F.3d 329, 335 (2d Cir. 1999).  Vague or

nonspecific allegations are insufficient to make out an equal protection claim.

In order to claim that the conduct of Defendants Baart and Fura violate Plaintiff's equal

protection rights, he must allege that:

> (1) . . . compared with others similarly situated, [he] was selectively
> treated, and (2) the selective treatment was motivated by an intention to
> discriminate on the basis of impermissible considerations, such as race or
> religion, to punish or inhibit the exercise of constitutional rights, or by a
> malicious or bad faith intent to injure [him].

*Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995) (quoting *FSK Drug Corp. v.*

*Perales*, 960 F.2d 6, 10 (2d Cir. 1992)).

Plaintiff appears to assert an equal protection claim under the "class of one" theory.

*Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005), *overruled on other grounds by Appel v.*

*Spiridon*, 531 F.3d 138, 139-40 (2d Cir. 2008).  Under this theory, a plaintiff must show that he

was "intentionally treated differently from other similarly-situated individuals without any

rational basis."  *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006).  Additionally, "an

extremely high degree of similarity between" Plaintiff and the person with whom he compares

himself must be alleged.  *Clubside, Inc.*, 468 F.3d at 159 (citing *Neilson*, 409 F.3d at 104).

The Complaint fails to allege facts plausibly suggesting that Plaintiff was treated differently from other similarly-situated individuals without any rational basis.  As a result, I recommend that Plaintiff's equal protection claim against Defendants Baart and Fura be dismissed for failure to state a claim.

### 2.    Official Capacities

"An official capacity suit against a municipal employee is a suit against the municipality itself."  *Pittman v. Billings*, 20-CV-0422, 2020 WL 2079440, at *9 (N.D.N.Y. Apr. 30, 2020) (Baxter, M.J.), *report and recommendation adopted by* 2020 WL 2574631 (N.D.N.Y. May 21, 2020) (Sharpe, J.).  A municipality may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983.  Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury.  *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation.  *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979).  Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law."  *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly.  Finally, municipal liability can, under limited circumstances, be based upon a failure to properly train the municipality's employees.  *Connick*, 563 U.S. at 51.  However, municipal liability is most tenuous when a claim turns on the failure to train.  *Id.* (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from

12

the constitutional violation, than was the policy in Monell")).  To satisfy the statute, a municipality's failure to train its employees must amount to "'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

There is no basis for municipal liability alleged in the Complaint.  Plaintiff fails to assert any allegations plausibly suggesting that a municipal policy or custom caused him to be deprived of his constitutional rights.  In addition, none of Plaintiff's allegations reflect a failure to train or "deliberate indifference" to the rights of persons who would come into contact with Defendants Baart and Fura.

As a result, I recommend that Plaintiff's claims against Defendants Baart and Fura in their official capacities pursuant to 42 U.S.C. § 1983, as employees of the Syracuse Police Department—or some other municipal entity—be dismissed for failure to state a claim upon which relief may be granted.[4]

### C.    Claim Against Defendant Ferrante

#### 1.    Individual Capacity

"It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursing a criminal prosecution is immune from a civil suit for damages under § 1983."  *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (citation and internal quotation marks omitted) (collecting cases).  "Because the immunity attaches to the official prosecutorial function . . . and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions . . . the prosecutor has absolute immunity for the

---

[4]    To the extent that Plaintiff's claims against Defendants Hartnett and Figueiredo survive, I recommend that any claims against them in their official capacities be dismissed for the reasons stated in Part IV.B.2. of this Order and Report-Recommendation.

initiation and conduct of a prosecution unless he proceeds in the clear absence of all

jurisdiction." *Shmueli*, 424 F.3d at 237 (citations and internal quotation marks omitted).

However, "[a] prosecutor is not absolutely immune solely because she engaged in the

conduct in question during her line of work." *D'Alessandro v. City of New York*, 713 F. App'x 1,

5 (2d Cir. 2017) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).  A prosecutor is

entitled to absolute immunity "when she acts as an 'advocate.'"  *D'Alessandro*, 713 F. App'x at

5 (citing *Warney v. Monroe Cnty.*, 587 F.3d 113, 121 (2d Cir. 2009)).  To be sure, "[a]

prosecutor wears many hats" including "administrat[or]," "investigator," and "advocate[ ]."  *Id.*

(quoting *Hill v. City of New York*, 45 F.3d 653, 656 (2d Cir. 1995)).  The "functional" test of

whether a prosecutor was acting as an advocate is an objective one, and a court only asks

whether "the *conduct* in question could 'reasonably' fall under the rubric of the prosecutor's

function as an advocate." *Id*. at 5 n.6. (emphasis in original) (citations omitted).  "If it does, then

absolute immunity attaches even if the prosecutor engaged in those actions with vindictive or

malicious intent."  *Id*.

"Under our case law, a prosecutor unquestionably acts as an advocate—and therefore

receives absolute immunity—when she initiates and pursues a criminal prosecution." *Id.* (citing

*Shmueli*, 424 F.3d at 236).  Indeed, "a prosecutor still acts within the scope of her duties even if

she . . . knowingly uses false testimony, . . . engages in malicious prosecution, or attempts to

intimidate an individual into accepting a guilty plea." *Id*. (citing *Shmueli*, 424 F.3d at 237-38;

*Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006)); *see also Parker v. Soares*, 19-CV-0113, 2019

WL 2232591, at *6 (N.D.N.Y. May 23, 2019) (Hummel, M.J.) (holding that prosecutorial

immunity barred certain false arrest claims against Assistant District Attorney David Soares),

*report and recommendation adopted by*, 2019 WL 2491918 (N.D.N.Y. June 14, 2019) (Sharpe, J.).

Here, the allegations in the Complaint regarding Defendant Ferrante arise out of acts intimately associated with the judicial phase of the criminal process, in his role as advocate, including the initiation of criminal proceedings against Plaintiff. As a result, I recommend that any claim against Defendant Ferrante, in his individual capacity, be dismissed as barred by the doctrine of prosecutorial immunity.

### 2.    Official Capacity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "New York State has not consented to suit in federal court." *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d. Cir. 1977)). Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. *See Quern v. Jordan*, 440 U.S. 332, 340-41 (1979).

When a defendant is sued in his official capacity, we treat the suit as one against the "entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66, (1985). If a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the state,

and therefore immune from suit in her official capacity. *D'Alessandro*, 713 F. App'x 1, 8 (2d Cir. 2017) (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993)).

Here, the claim against Defendant Ferrante, in his official capacity, is effectively a claim against the State of New York. As a result, I recommend that this claim be dismissed as barred by the doctrine of sovereign immunity pursuant to the Eleventh Amendment.

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

---

[5]    *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

Generally, a district court should not dismiss claims as time-barred without providing a *pro se* plaintiff with "notice and opportunity to be heard" as to whether there might be a meritorious tolling argument or other reason why the complaint might be considered. *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). As a result, I recommend that Plaintiff's time-barred claim against Defendants Hartnett and Figueiredo be dismissed with leave to amend.

In this case, it is not clear whether better pleading would permit Plaintiff to assert cognizable causes of action pursuant to the (1) due process clause against Defendants Baart and Fura in their official capacities, and (2) equal protection clause against Defendants Baart and Fura in their individual and/or official capacities. Out of deference to Plaintiff's *pro se* status, I recommend that Plaintiff be granted leave to amend the Complaint with respect to these claims.

However, with respect to Plaintiff's claim against Defendant Ferrante, I recommend that it be dismissed without leave to amend. *See Staton v. Holzbach*, 20-CV-0631, 2020 WL 6119382, at *3 (D. Conn. Oct. 16, 2020) (dismissing with prejudice claims against the defendant prosecutor based on the doctrine of prosecutorial immunity); *Lawrence v. Sherman*, 20-CV-0694, 2020 WL 5904789, at *3 (N.D.N.Y. Oct. 6, 2020) (D'Agostino, J.) (same).

If Plaintiff chooses to avail himself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that

an amended complaint ordinarily supersedes the original, and renders it of no legal effect."
(internal quotation marks omitted)).

      **ACCORDINGLY**, it is

      **ORDERED** that Plaintiff's amended application to proceed *in forma pauperis* (Dkt. No.
7) is **GRANTED**; and it is further respectfully

      **RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **ACCEPTED FOR
FILING** to the extent that it asserts a due process claim against Defendants Baart and Fura in
their individual capacities; and it is further respectfully

      **RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD**
Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts the following three claims: (1) a
claim of unlawful search and seizure against Defendants Hartnett and Figueiredo in their
individual and official capacities; (2) a claim that his due process rights were violated by
Defendants Baart and Fura in their official capacities; and (3) a claim that his right to equal
protection was violated by Defendants Baart and Fura in their individual and official capacities,
for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §
1915(e)(2)(B); and it is further respectfully

      **RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD**
Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts claims against Defendant Ferrante,
because it seeks monetary relief against a defendant who is immune from such relief pursuant to
28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[6]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: April  12 , 2022
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[6]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[7]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).