**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**CRISTOBAL MARTINEZ GONZALEZ,**

    vs.                                                                   5:21-CV-01379
                                                                                   (MAD/ML)

**SGT. HARTNETT,** _Sued in Individual and Official Capacity with the Syracuse Police Department_**; SENIOR INVESTIGATOR FIGUEIREDO,** _Syracuse Police Department_**; DETECTIVE KELLY BAART,** _Sued in Individual and Official Capacity with the Syracuse Police Department_**; DETECTIVE SCOTT FURA,** _Sued in Individual and Official Capacity with the Syracuse Police Department;_ **and MICHAEL FERRANTE,** _Sued in Individual and Official Capacity as ADA Onondaga County_,

                       **Defendants.**

_____

**APPEARANCES:**                                      **OF COUNSEL:**

**CRISTOBAL MARTINEZ GONZALEZ**
519 22nd Street
Niagara Falls, New York 14303
Plaintiff, _Pro Se_

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On December 27, 2021, Plaintiff Cristobal Martinez Gonzalez commenced this action under 42 U.S.C. § 1983 ("Section 1983") for violations of his constitutional rights against Defendants Sgt. Hartnett ("Defendant Hartnett"), Senior Investigator Figueiredo ("Defendant Figueiredo"), Detective Kelly Baart ("Defendant Baart"), Detective Scott Fura ("Defendant Fura"), and Michael Ferrante ("Defendant Ferrante"), in both their individual and official

capacities. *See* Dkt. No. 1.[1]  Specifically, the complaint asserts that (1) Defendants Hartnett and Figueiredo violated Plaintiff's Fourth Amendment rights when they conducted an unlawful search and seizure on February 11, 2016; (2) Defendants Baart and Fura violated Plaintiff's Fourteenth Amendment right to due process and equal protection when they lied in their testimony before a grand jury; and (3) Defendant Ferrante violated Plaintiff's Fourteenth Amendment right to a fair trial when he prosecuted Plaintiff despite his knowledge of the foregoing constitutional violations. *See id.*  Plaintiff also moved for leave to proceed *in forma pauperis*.  *See* Dkt. No. 7.

On April 12, 2022, Magistrate Judge Lovric issued a Report-Recommendation and Order recommending that (1) Plaintiff's application to proceed *in forma pauperis* be granted; (2) Plaintiff's complaint be accepted for filing to the extent that it asserts a due process claim against Defendants Baart and Fura in their individual capacities; (3) Plaintiff's complaint be dismissed *with* leave to replead to the extent that it asserts a claim of unlawful search and seizure against Defendants Hartnett and Figueiredo in their individual and official capacities, a claim that his due process rights were violated by Defendants Baart and Fura in their official capacities, and a claim that his right to equal protection was violated by Defendants Baart and Fura in their individual and official capacities; and (4) Plaintiff's complaint be dismissed *without* leave to replead to the extent that it asserts claims against Defendant Ferrante.  *See* Dkt. No. 8 (the "April 12 Order"). No objections were filed to the April 12 Order.

For the reasons set forth below, the April 12 Order is adopted in its entirety.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the parties are referred to the

---

[1] Although the caption's language implies that Defendant Figueiredo is being sued only in his individual capacity, the complaint later asserts claims against Defendant Figueiredo in both his individual and official capacities.  *See* Dkt. No. 1 at 6.

April 12 Order.  *See* Dkt. No. 8.

### III. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Neither party has filed an objection to the April 12 Order.  Accordingly, the Court will review Magistrate Judge Lovric's recommendation for clear error.

**A.    Claim Against Defendants Hartnett and Figueiredo**

The April 12 Order recommends that Plaintiff's claim of unlawful search and seizure under the Fourth Amendment against Defendants Hartnett and Figueiredo be dismissed as time barred because (1) Plaintiff did not commence this action until more than two years after the expiration of the applicable statute of limitations, and (2) the complaint failed to allege facts plausibly suggesting that Plaintiff was pursuing his rights diligently and that some extraordinary circumstance stood in his way.  *See* Dkt. No. 8 at 9.

The Court finds no error in Magistrate Judge Lovric's determination.  The three-year statute of limitations for unlawful search and seizure claims begins to run on the date when the

search occurred and the property was seized. *See Hagans v. Nassau Cnty. Police Dep't*, No. 18-CV-1918, 2020 WL 1289529, *5 (E.D.N.Y. Mar. 18, 2020) (holding that the three-year statute of limitations for search and seizure claims "'begins to run at the time the claimant becomes detained pursuant to legal process'") (quoting *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). The alleged search and seizure occurred on February 11, 2016. *See* Dkt. No. 1 at 5. Therefore, Plaintiff was required to file this action by February 11, 2019. Plaintiff did not commence this action until December 27, 2021, approximately two years and ten months after the statute of limitations expired. Moreover, as Magistrate Judge Lovric found, the complaint has failed to allege any facts plausibly suggesting that Plaintiff was pursuing his rights diligently and that some extraordinary circumstance stood in his way such that equitable tolling might apply to the statute of limitations period. *See Sides v. Paolano*, No. 20-3241, 2021 WL 4256864, *1 (2d Cir. Sept. 20, 2021) (holding that the party "seeking equitable tolling bears the burden" of establishing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing'") (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)).

The Court also agrees with the recommendation that Plaintiff be granted leave to amend this claim. This *pro se* Plaintiff has yet to be afforded an opportunity to be heard on the issue of whether extraordinary circumstances exist to support the equitable tolling of this claim. *See Muhammadali v. City of New York*, 795 Fed. Appx. 70, 71 (2d Cir. 2020) ("Ordinarily, a district court should not sua sponte dismiss an action as time-barred without giving the plaintiff notice and opportunity to be heard as to potential affirmative defenses") (citing *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007)).

**B.     Claims Against Defendants Baart and Fura**

### 1. Individual Capacities

#### a. Due Process

The April 12 Order recommends that Plaintiff's due process claim against Defendants Baart and Fura in their individual capacities be accepted for filing. *See* Dkt. No. 8 at 10-11. To prevail on a Section 1983 claim for the violation of the due process right to a fair trial, Plaintiff must establish that a police officer or other investigating official "'create[d] false information likely to influence a jury's decision and forward[ed] that information to prosecutors,'" and that he "'suffered a deprivation of life, liberty, or property as a result.'" *Gondola v. City of New York*, No. 16-CV-369, 2020 WL 1433874, *2 (E.D.N.Y. Mar. 24, 2020) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); *Ross v. City of New York*, No. 17-CV-3505, 2019 WL 4805147, *5 (E.D.N.Y. Sept. 30, 2019)).

The Court agrees that this claim should be accepted for filing. The complaint alleges that Defendant Baart, a detective with the Syracuse Police Department, testified before a grand jury that she conducted an identification process prior to Plaintiff's arrest, when, in fact, the identification process took place after Plaintiff was already in custody. *See* Dkt. No. 1 at 5. Plaintiff alleges that Defendant Baart's testimony was "exposed as perjury during the second trial of [his] case." *Id.* at 5-6. The complaint also alleges that Defendant Fura testified before a grand jury that he found narcotics in the pockets of cargo pants that Plaintiff was wearing at the time of his arrest. *See id.* at 5. Plaintiff asserts that during his second trial, he introduced a video of his booking into evidence where it was clear that Plaintiff was wearing jeans, not cargo pants. *See id.* Plaintiff states that these Defendants' false testimony was used to secure an indictment for which he ultimately spent two and a half years in prison and one and a half years on post-release supervision. *See id.* Construing all reasonable inferences in Plaintiff's favor, the Court finds that

the complaint has stated sufficient facts to provide a plausible basis for Plaintiff's due process claim against Defendants Baart and Fura in their individual capacities.

### b. Equal Protection

The April 12 Order recommends that Plaintiff's equal protection claim against Defendants Baart and Fura in their individual capacities be dismissed for failure to state a claim. *See* Dkt. No. 8 at 12. Specifically, the Magistrate Judge Lovric finds that the complaint failed to allege facts plausibly suggesting that Plaintiff was treated differently from other similarly-situated individuals without any rational basis. *Id.*

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. Am. XIV, § 1, and "requires the government to treat all similarly situated individuals alike." *Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 204 (E.D.N.Y. 2010) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). Ordinarily, equal protection claims arise from allegations that the government's classifications "treat certain groups of citizens differently than others." *Fortress Bible Church v. Feiner*, 694 F.3d 208, 221 (2d Cir. 2012) (citation omitted). However, in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), the Supreme Court also recognized "'a class-of-one theory for equal protection claims, under which a single individual can claim a violation of [his or] her Equal Protection rights based on arbitrary disparate treatment.'" *NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 198 (2d Cir. 2019) (quotation omitted). The Court agrees with Magistrate Judge Lovric's determination that Plaintiff appears to be asserting his equal protection claim under a "class-of-one" theory.

"Under a 'class of one' equal protection claim, a plaintiff must allege that (1) '[he] has been intentionally treated differently from others similarly situated' and (2) 'there is no rational basis

for the difference in treatment.'" *Young*, 705 F. Supp. 2d at 205 (quoting *Village of Willowbrook*, 528 U.S. at 564). "In order to state an equal protection violation under [Section] 1983, 'it is axiomatic that plaintiff must allege that similarly situated persons were treated differently.'" *Id.* at 205 (quoting *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994)).

Here, the complaint fails to (1) identify *any* other similarly situated people, (2) allege how Plaintiff has been intentionally treated differently from those people, or (3) allege why there was no rational basis for the difference in treatment. Even affording Plaintiff special solicitude in light of his *pro se* status, the Court agrees with Magistrate Judge Lovric that the allegations in the complaint do not give rise to a plausible class-of-one equal protection claim under the Fourteenth Amendment.

The April 12 Order recommends that Plaintiff be granted leave to amend this claim out of deference to his *pro se* status and because it is not absolutely clear that he is unable to assert sufficient facts to support a cognizable equal protection cause of action. The Court agrees. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("'Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim'") (quotation omitted).

### 2. Official Capacities

The April 12 Order recommends that Plaintiff's claims against Defendants Baart and Fura in their official capacities be dismissed for failure to state a claim. *See* Dkt. No. 8 at 12-13. Specifically, Magistrate Judge Lovric found that the complaint failed to assert any allegations plausibly suggesting that a municipal policy or a municipality's failure to train caused him to be deprived of his constitutional rights. *See id.* at 13.

"Section 1983 claims may properly be brought against a municipal employee in their

official capacity; a plaintiff need only plead that a deprivation of rights was caused by a municipal policy or custom." *Guarneri v. Schenectady City Police*, No. 1:21-CV-0496, 2021 WL 4891548, *2 (N.D.N.Y. Oct. 20, 2021) (citations omitted).  In other words, Plaintiff "must allege a violation of constitutional rights by employees of the municipality and '(1) the existence of a municipal policy or custom ... that caused his injuries beyond merely employing the misbehaving officer[s]; and (2) a causal connection—an affirmative link—between the policy and the deprivation of his constitutional rights.'"  *York v. City of Johnstown*, No. 1:20-CV-01616, 2022 WL 2209441, *6 (N.D.N.Y. June 21, 2022) (quotation omitted).  To establish a municipal policy or custom, a plaintiff must allege:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come in contact.

*Reynolds v. Vill. of Chittenango*, No. 5:19-CV-416, 2020 WL 1322509, *4 (N.D.N.Y. Mar. 20, 2020) (quotation omitted).

Plaintiff's complaint fails to identify *any* official policy, practice, or custom, and makes no allegations with respect to a failure by official policy-makers to properly train or supervise their subordinates.  Therefore, the Court agrees with Magistrate Judge Lovric that Plaintiff's claims against Defendants Baart and Fura in their official capacities necessarily fail and must be dismissed.  The Court further agrees that Plaintiff should be granted leave to amend due to his *pro se* status and the possibility that a better pleading would permit him to assert a cognizable cause of action.

C. **Claim Against Defendant Ferrante**

*1. Individual Capacity*

The April 12 Order recommends that Plaintiff's Fourteenth Amendment claim against Defendant Ferrante in his individual capacity be dismissed as barred by the doctrine of absolute prosecutorial immunity. *See* Dkt. No. 8 at 15.

"The doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages (but not injunctive relief) in a [Section] 1983 lawsuit, even when the result may be that a wronged plaintiff is left without an immediate remedy." *Anilao v. Spota*, 27 F.4th 855, 863 (2d Cir. 2022). Prosecutors therefore "enjoy 'absolute immunity from [Section] 1983 liability for those prosecutorial activities intimately associated with the judicial phase of the criminal process.'" *Id.* at 864 (quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987)). "'Thus, unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity [from Section 1983 liability] exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process.'" *Id.* (quoting *Barr*, 810 F.2d at 361).

The complaint alleges that Defendant Ferrante violated Plaintiff's constitutional right to a fair trial when he brought the underlying prosecution against Plaintiff despite (1) knowing that the February 11, 2016 search and seizure had violated Plaintiff's Fourth Amendment rights; (2) knowing that Defendant Fura had falsely testified to the grand jury; and (3) having "exculpatory evidence ... in his possession." Dkt. No. 1 at 7. As Magistrate Judge Lovric found, these allegations all arose out of Defendant Ferrante's decision to initiate criminal proceedings against Plaintiff—a decision firmly within his role as advocate and the judicial phase of the criminal process. *See Anilao*, 27 F.4th at 864 (holding that "absolute immunity extends even to a prosecutor who 'conspir[es] to present false evidence at a criminal trial ... because the immunity

attaches to [the prosecutor's] function, not to the manner in which he [or she] performed it"). Plaintiff does not allege that Defendant Ferrante proceeded in the clear absence of all jurisdiction, and no facts have been alleged that would suggest such an absence. Additionally, Plaintiff has not alleged that Defendant Ferrante was acting in an investigative capacity. Therefore, Plaintiff's Fourteenth Amendment claim against Defendant Ferrante in his individual capacity is barred by the doctrine of prosecutorial immunity and must be dismissed.

The April 12 Order recommends that this claim be dismissed without leave to amend. *See* Dkt. No. 8 at 17. Because there does not appear to be any way in which a better pleading would enable this claim to survive the doctrine of absolute prosecutorial immunity, the Court finds no clear error in that recommendation. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend").

### *2. Official Capacity*

The April 12 Order recommends that Plaintiff's Fourteenth Amendment claim against Defendant Ferrante in his official capacity be dismissed because claims against the State of New York are barred by the doctrine of sovereign immunity pursuant to the Eleventh Amendment. *See* Dkt. No. 8 at 16.

"When a defendant is sued in his official capacity, we treat the suit as one against the 'entity of which an officer is an agent.'" *D'Alessandro v. City of New York*, 713 Fed. Appx. 1, 8 (2d Cir. 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). "Thus, if a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the State, and therefore immune from suit in her official capacity." *Id.* (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993); *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)).

However, "if a suit centers 'on the administration of the district attorney's office'—that is, on the 'office policy' that the district attorney sets—then the district attorney is 'considered a municipal policymaker,' and the Eleventh Amendment does not immunize him from suit." *Id.* (quoting *Ying Jing Gan*, 996 F.2d at 536).

Here, the complaint only attacks Defendant Ferrante's prosecutorial decisions over the course of the underlying case, without any mention of the administration of the district attorney's office. Thus, Magistrate Judge Lovric soundly concluded that Plaintiff's Fourteenth Amendment claim against Defendant Ferrante in his official capacity is effectively a suit against the State of New York and therefore barred by the doctrine of sovereign immunity. The Court also agrees with Magistrate Judge Lovric's recommendation that this claim be dismissed without leave to amend because—like Plaintiff's claim against Defendant Ferrante in his individual capacity—there does not appear to be any way in which a better pleading would enable this claim to survive.

In sum, the Court discerns no clear error in Magistrate Judge Lovric's unopposed recommendation. Accordingly, the April 12 Order is adopted in its entirety.

## IV. CONCLUSION

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation and Order (Dkt. No. 8) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) be **ACCEPTED for filing** to the extent that it asserts a due process claim against Defendants Baart and Fura in their individual capacities; and the Court further

**ORDERS** that Plaintiff's due process claims against Defendants Baart and Fura in their official capacities are **DISMISSED with leave to replead**; and the Court further

**ORDERS** that Plaintiff's equal protection claims against Defendants Baart and Fura in their individual and official capacities are **DISMISSED with leave to replead**; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Hartnett and Figueiredo in their individual and official capacities are **DISMISSED with leave to replead**; and the Court further

**ORDERS** that Plaintiff's claim against Defendant Ferrante in his individual and official capacity is **DISMISSED without leave to replead**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall return the complaint to Magistrate Judge Lovric for service of the complaint.

**IT IS SO ORDERED.**

Dated: November 9, 2022
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge