UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CRISTOBAL MARTINEZ GONZALEZ,**

                      **Plaintiff,**

  vs.                                                    5:21-CV-01379
                                                            (MAD/TWD)

**KELLY BAART, and**
**SCOTT FURA,**

                      **Defendants.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**CRISTOBAL MARTINEZ GONZALEZ**
519 22nd Street
Niagara Falls, New York 14303
Plaintiff, *Pro se*

**CITY OF SYRACUSE**                        **TODD M. LONG, ESQ.**
**LAW DEPARTMENT**
233 East Washington Street
300 City Hall
Syracuse, New York 13202
Attorney for Defendants

**SOCIAL SECURITY**                         **GREGORY P. FAIR, ESQ.**
**ADMINISTRATION**
300 South State Street
5th Floor
Syracuse, New York 13202
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**AMENDED MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

    *Pro se* Plaintiff Cristobal Martinez Gonzalez commenced this action on December 27, 2021, alleging violations of his constitutional rights that led to his incarceration for two-and-one-

half years and subsequent one-and-one-half years supervised release. *See* Dkt. No. 1 at 5. Following this Court's initial review on November 9, 2022, of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, Plaintiff's only remining claim[1] is a denial of the right to a fair trial claim. Plaintiff alleges that Kelly Baart and Scott Fura (collectively "Defendants") violated his Fourteenth Amendment right to due process and equal protection when they lied in their testimony before a grand jury. *See* Dkt. No. 1; Dkt. No. 11 at 11-12. Plaintiff seeks $1,500,000.00 in damages from each Defendant. *See* Dkt. No. 1 at 6.

On May 1, 2023, Defendants filed a motion to dismiss for failure to state a claim. *See* Dkt. No. 32. Plaintiff responded on June 18, 2023, and Defendants replied on June 29, 2023.[2] *See* Dkt. Nos. 35, 36. Currently before the Court is Defendants' motion to dismiss, Plaintiff's response, and Defendant's reply. For the following reasons, Defendant's motion to dismiss is granted.

## II. BACKGROUND

The claims against Defendants stem from a search of Plaintiff's home on February 11, 2016, and his subsequent arrest. *See* Dkt. No. 1 at 5. After completing his sentence, the New

---

[1] The Memorandum-Decision and Order dismissed Plaintiff's claims that (1) Sgt. Hartnett and Senior Investigator Figueiredo violated his Fourth Amendment rights when they conducted an unlawful search and seizure on February 11, 2016; and (2) Michael Ferrante violated his Fourteenth Amendment right to a fair trial when he prosecuted Plaintiff despite his knowledge of the foregoing constitutional violations. *See* Dkt. No. 11.

[2] Defendants raise the fact that Plaintiff filed his response one day after the deadline. *See* Dkt. No. 36 at 4. However, as Defendants note, courts extend special solicitude to *pro se* plaintiffs on account of their "lack of legal training and experience." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citing *Estelle v. Gable*, 429 U.S. 97, 106 (1976); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)). This special solitude includes "liberal construction of motion papers and pleadings." *Id.* Therefore, Plaintiff's one-day delay in filing his response will not preclude this Courts consideration of his response. *See McAdoo v. Jagiello*, No. 9:10-CV-355, 2011 WL 1577236, *2 (N.D.N.Y. Apr. 26, 2011) (holding that the court would consider the *pro se* plaintiff's response to a motion to dismiss even though the response was filed fifteen days after the extension and without proper affidavit of service).

York State Appellate Division, Fourth Department overturned Plaintiff's conviction and remanded his case to Onodaga County Supreme Court where there were other charges pending against him. *See id.* at 5. On September 15, 2021, the charges against Plaintiff were dismissed. *See id.* at 4-5.

During the second trial, Plaintiff learned of Defendant Baart's grand jury testimony wherein she stated that she identified Plaintiff prior to his arrest, whereas the identification transpired after he was in custody. *See id.* Plaintiff alleges that Defendant Fura also committed perjury when he testified before the grand jury that he seized narcotics from Plaintiff's cargo pants pockets. *See id.* Plaintiff alleges that a video of his booking contradicts Defendant Fura's testimony and shows that he was wearing jeans and not cargo pants. *See id.* Plaintiff alleges that Defendants' perjurious testimony led to his indictment, conviction, and subsequent incarceration and supervised release. *See id.*

Specifically, Plaintiff alleges that Defendants made false statements about the type of pants he was wearing when he was arrested and the timing of Defendant Baart's identification of Plaintiff. He contends that Defendant Baart "committed perjury on the record[ ] to secure an [i]ndictment which violate[d] Plaintiff['s] rights to [d]ue [p]rocess and [e]qual [p]rotection of the law as granted by the [Fourteenth Amendment]" and led to his incarceration. Dkt. No. 1 at 6.

In his response to Defendants' motion to dismiss, Plaintiff alleges that Defendants' perjurious testimony also occurred at a *Wade* suppression hearing, and therefore his claim does not rest only on testimony before a grand jury. *See* Dkt. No. 35 at 2.

### III.  DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v.*

3

*Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).  Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting [*Twombly*, 550 U.S.] at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id.* at 570.

4

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.    Grand Jury Testimony and Absolute Immunity**

To state a Section 1983 claim for the denial of a fair trial under the Fourteenth Amendment, Plaintiff must establish that (1) Defendants "'create[d] false information likely to influence a jury's decision and forward[ed] that information to prosecutors,'" and (2) that he "'suffered a deprivation of life, liberty, or property as a result.'" *Gondola v. City of New York*, No. 16-CV-369, 2020 WL 1433874, *2 (E.D.N.Y. Mar. 24, 2020) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); *accord Ross v. City of New York*, No. 17-CV-3505, 2019 WL 4805147, *5 (E.D.N.Y. Sept. 30, 2019)); *see also Garnett v. Undercover Officer C0039*, 838 F.3d 265, 272 (2d Cir. 2016). However, trial or grand jury witness testimony cannot serve as the basis for a Section 1983 claim, even if the testimony is perjured. *See Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231, 244 (E.D.N.Y. 2013) (citing *Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983)); *see also Rehberg v. Paulk*, 566 U.S. 356, 368-371 (2012) (holding that a complaint cannot avoid the defense of absolute immunity by pleading a conspiracy under Section 1983 rather than an individual action).

Defendants do not dispute the elements of Plaintiff's claim but assert that they are entitled to absolute immunity for their grand jury testimony. *See* Dkt. No. 32 at 10-12. The Court applies a "functional approach" to determine whether an officer is entitled to absolute immunity. *Brown*

*v. Fallon*, No. 1:21-CV-00641, 2022 WL 4103998, *5 (N.D.N.Y. Sept. 8, 2022) (quoting *Simon v. City of New York*, 727 F.3d 167, 171-72 (2d Cir. 2013)). "This approach examines 'the nature of the function performed, not the identity of the actor who performed it.'" *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)).

In *Rehberg*, the Supreme Court held that grand jury witnesses, like trial witnesses, are entitled to absolute immunity if a plaintiff's claim is based on their allegedly perjurious testimony. *See Rehberg*, 566 U.S. at 369; *see also Coggins v. Buonora*, 776 F.3d 108, 113-14 (2d Cir. 2015) (finding that grand jury witnesses are entitled to absolute immunity if their alleged unlawful activity does not exist independently of their grand jury testimony)). The defendant, a chief investigator for a district attorney, testified against Rehberg before a grand jury three times and Rehberg was indicted each time. *See Rehberg*, 566 U.S. at 359-60. Rehberg brought an action alleging that the defendant had presented false testimony to the grand jury, which led to his indictments. *See id.* The Supreme Court affirmed the Eleventh Circuit's holding that a grand jury witness is entitled to absolute immunity.

> [A] grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony. . . [T]his rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution.

*Id.* at 369. The *Rehberg* Court declined to draw a distinction between law-enforcement witnesses and lay witnesses. The Supreme Court held that an officer "testifying before a grand jury. . . may serve as an important witness in the grand jury proceeding and may very much want the grand jury to return an indictment. But such a witness, unlike a complaining witness at common law, does not make the decision to press criminal charges." *Id.* at 371. In *Rehberg*, the defendant was

6

entitled to absolute immunity because the plaintiff's allegations were exclusively based on a claim that the investigator lied to the grand jury. *See id.* at 367. A claim is "based on" perjurious testimony when it does not exist independent of the wrongful perjurious act. *See Briscoe*, 460 U.S. at 328, 333-34. A defendant is not entitled to absolute immunity for independent actions just because the defendant later testifies to those acts before a grand jury. *See Coggins*, 776 F.3d at 112-13. An officer is entitled to absolute immunity only for the testimony itself, not for any actions that would give rise to an independent Section 1983 claim. *See id.* at 113.

> When a police officer claims absolute immunity for his grand jury testimony under *Rehberg*, the court should determine whether the plaintiff can make out the elements of his § 1983 claim without resorting to the grand jury testimony. If the claim exists independently of the grand jury testimony, it is not "based on" that testimony, as that term is used in *Rehberg*. *Id.* at [369]. Conversely, if the claim requires the grand jury testimony, the defendant enjoys absolute immunity under *Rehberg*.

*Id.*

Courts have distinguished presenting false testimony and soliciting false testimony from others and creating fabricated evidence. *Fappiano v. City of New York*, No. 01-CV-2476, 2015 WL 94190, *20 (E.D.N.Y. Jan. 7, 2015) (quoting *Mitchell v. City of Boston*, 130 F. Supp. 2d 201, 213 (D. Mass. Jan. 26, 2001)) ("[T]he court found that the officer whose total involvement was allegedly testifying falsely was immune under *Briscoe*, while the other officer, who was 'the mastermind of the plot to fabricate evidence,' was not immune . . ."); *see also O'Neal v. City of New York*, No. 14-CV-7649, 2016 WL 4035522, *6 (S.D.N.Y. July 22, 2016) (citing *Rucks v. City of New York*, 96 F. Supp. 3d 138, 150 (S.D.N.Y. Mar. 30, 2016); *Garnett v. Undercover Officer C0039*, No. 13-CV-7083, 2015 WL 1539044, *7-*8 (S.D.N.Y. Apr. 6, 2015)) (distinguishing cases where the defendants allegedly fabricated physical evidence which led to the

7

plaintiff's arrest and were not entitled to absolute immunity from the instant defendant who made false statements to a prosecutor prior to testifying at trial and was entitled to immunity).

Here, Defendants' allegedly perjurious testimony is not fabricated evidence that falls outside of the conduct outlined in *Rehberg*. *See* Dkt. Nos. 1, 35. Plaintiff does not allege that Defendants' non-testimonial actions give rise to an independent Section 1983 claim. *See* Dkt. Nos. 1, 8, 35. Because Plaintiff's Section 1983 claim rests entirely on Defendants' grand jury testimony, *see* Dkt. No. 1 at 6-7, Defendants are entitled to absolute testimonial immunity for their statements before the grand jury. *See Rehberg*, 566 U.S. at 375.

C. **Preliminary Hearing and Absolute Immunity**

In response, Plaintiff claims Defendants are not entitled to absolute immunity because their perjurious testimony occurred during a *Wade* hearing. *See* Dkt. No. 35 at 7, 8. As an initial matter, Plaintiff raised this claim regarding testimony at the *Wade* hearing for the first time in his opposition to Defendants' motion to dismiss. *See* Dkt. Nos. 1, 35. Although the Court need not consider new claims raised in opposition to a motion to dismiss, because Plaintiff is proceeding *pro se*, the Court "may consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. Oct. 23, 2018) (citations omitted). However, the Court may only consider this claim if it "could have been asserted based on the facts alleged in the complaint," and not if the claim is an "'entirely new' cause[] of action." *Davila*, 343 F. Supp. 3d at 267 (citing *Vlad-Berindan*, 2014 WL 6982929, at *5); *Mira v. Argus Media*, No. 14-CV-675, 2017 WL 1184302, *3 (S.D.N.Y. Mar. 29, 2017) (declining to review claims raised in *pro se* plaintiff's opposition because the allegations went "well beyond merely elaborating on the facts alleged in the Complaint and apparently are intended to support new legal

theories") (citations omitted).

Here, Plaintiff's response asserts the same claim for the same statements, but in a new factual setting. *See* Dkt. Nos. 1, 35. Given Plaintiff's *pro se* status, the Court will consider the claim for alleged perjury made during the *Wade* hearing.

In their reply, Defendants argue that they are entitled to absolute immunity for testimony given at preliminary hearings, including the *Wade* hearing. *See* Dkt. No. 36 at 6-8. This Court agrees. In the Second Circuit, "police officers who testify at adversarial pretrial proceedings are entitled to absolute immunity from liability based on that testimony." *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 422 (S.D.N.Y. Mar. 30, 2012); *Daloia v. Rose*, 849 F.2d 74, 75 (2d Cir. 1988); *Khorrami v. Rolince*, 539 F.3d 782, 789 (7th Cir. 2008) (holding that law enforcement officials who testify at pretrial proceedings are entitled to absolute immunity); *Holt v. Castaneda*, 832 F.2d 123, 125 (9th Cir. 1987) (same); *see also Curtis v. Bembenek*, 48 F.3d 281, 284 (7th Cir. 1995) (holding that officers are entitled to absolute immunity for testimony given during a preliminary hearing and a pretrial suppression hearing).

Because they are otherwise entitled to absolute immunity, the Court need not address Defendants' claim that Plaintiff did not cite any legal authority to support the claim that Defendants' alleged perjurious testimony at the *Wade* hearing was the cause of Plaintiff's loss of liberty. *See* Dkt. No. 36 at 5.

The Defendant officers are entitled to absolute immunity for testimony given at the *Wade* hearing and before the grand jury.[3] The Court dismisses Plaintiff's complaint against Defendants.

---

[3] As the Supreme Court has noted, granting absolute immunity "leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). In *Rehberg*, the Supreme Court held that criminal prosecution for perjury before a grand jury is a "sufficient deterrent" against perjury. *Rehberg*, 566 U.S. at 367 (citing *Briscoe*, 460 U.S. at 342). However, when deterrence

## IV.  CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the foregoing reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 32) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  December 20, 2023

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge

---

fails, as alleged in the complaint, there is no remedy for Plaintiff's loss of liberty.  Absolute immunity for officer's testimony before a grand jury thereby erodes Section 1983's original purpose of safeguarding individuals against state officials who have "deprived persons of their constitutional rights."  *Jamison v. McClendon*, 476 F. Supp. 3d 386, 400 (S.D. Miss. Aug. 4, 2020) (citing Theodore Eisenberg, *Section 1983: Doctrinal Foundations and an Empirical Study*, 67 CORNELL L. REV. 482, 485 (1982) (additional citations omitted)).